The STATE of Ohio, Appellee,

v.

EDWARDS, Appellant.

[Cite as *State v. Edwards* (1997), 119 Ohio App.3d 106.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA09–1146.

Decided April 10, 1997.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Diane Paul,* Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson,* Franklin County Public Defender, and *Paul Skendelas,* Assistant Public Defender, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Leroy O. Edwards, appellant, from the August 8, 1996 decision and entry of the Franklin County Court of Common Pleas, which denied appellant's petition to vacate or set aside his sentence. On September 30, 1996, appellant filed a *pro se* brief wherein he asserts the following assignment of error:

"The trial court erred when it denied appellant's petition to vacate or set aside sentence and found that appellant's trial counsel was not [in]effective."

On October 8, 1996, the office of the public defender submitted a brief on appellant's behalf wherein the following assignment of error was asserted:

"The trial court committed reversible error by summarily dismissing appellant's claim for postconviction relief without conducting an evidentiary hearing as required by R.C. 2953.21(E)."

The issue on appeal is simply whether the trial court erred in summarily dismissing appellant's claim for postconviction relief without first conducting an evidentiary hearing.

Appellant was indicted by the Franklin County Grand Jury on one count of murder, in violation of R.C. 2903.02. On April 15, 1985, appellant was convicted of murder, and the trial court sentenced him to a term of fifteen years to life. On appeal to this court, appellant's conviction was affirmed. See *State v. Edwards* (1985), 26 Ohio App.3d 199, 26 OBR 420, 499 N.E.2d 352. The Ohio Supreme Court declined to hear further appeal. Thereafter, by journal entry of judgment dated March 30, 1995, this court overruled appellant's application for delayed reconsideration.

On March 14, 1996, appellant filed a petition for postconviction relief in the Franklin County Court of Common Pleas. Appellant asserted the following claim in his petition:

"The petitioner was denied the effective assistance of trial counsel by trial counsel's waiver of petitioner's right to [jury instructions on] lesser included offense[s] to the principal charge of murder, R.C. 2903.02, where the evidence clearly supported a charge of a lesser included offense; the state of Ohio requested a charge on a lesser included offense; counsel stated that this case was a classic case of voluntary manslaughter; where the evidence clearly *could* support a conviction on the greater offense when not considering evidence supporting the charge of a lesser included offense in a light most favorable to the defendant; and where trial counsel's conduct fell below an objective standard of reasonableness and cannot be characterized as sound trial strategy." (Emphasis *sic.*)

The trial court entered its decision and entry after making findings of fact and concluding that appellant had failed to demonstrate (1) that his trial counsel's performance was seriously deficient and (2) that the result probably would have been different had his counsel performed competently.

The procedure applied to petitions for postconviction relief is provided for in R.C. 2953.21, as follows:

"(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

On the issue of whether the petitioner is entitled to a hearing, the Ohio Supreme Court stated as follows in *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540, at paragraph one of the syllabus:

"Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief."

Appellant submitted an affidavit in support of his petition wherein he asserted as follows:

"Regarding the issue of whether I advised my trial attorney to waive my right to lesser included offense instructions at my trial, I first learned that the same occurred (as is depicted by the transcript of the in-chambers discussion after the state and defense had rested) after receiving the transcript. However, the fact is, I never told my trial attorney to waive my right to lesser included offenses. He told me before going in to see the judge that no lesser included offense instructions would be given because he said the state didn't prove murder and that he was going for the straight-out win. I never knew the significance of lesser included offense instructions as the attorney never discussed the subject with me in any detail, and the trial court never addressed me with reference to the issue. Had I known that the evidence in my case would have warranted a lesser conviction, which would have resulted in a lesser sentence, I would have wanted such an instruction given to the jury at my trial. The statements made by trial counsel to the court and the prosecutor in chambers regarding my alleged desire that no lesser offence instructions be given are false."

According to his affidavit, appellant does not contend that trial counsel did not discuss lesser included offenses with him; however, appellant does contend that trial counsel did not adequately explain the impact of a jury instruction on lesser included offenses to him, and that appellant did not give trial counsel his permission to waive appellant's right to an instruction on lesser included offenses.

Neither appellant nor the state provided this court with any case law from Ohio on the duty of trial counsel to inform a defendant of certain rights and on the authority of trial counsel to waive certain rights regardless of a defendant's wishes. Although this court could not find any case law on this subject in Ohio, we were able to find certain federal cases which discussed inherently personal fundamental rights that can be waived only by a defendant as compared to certain nonfundamental rights that are reserved for counsel's judgment. Specifically, this court reviewed decisions from the United States Courts of Appeals for the Third Circuit, the Fifth Circuit, and the Eleventh Circuit, and found their decisions to be persuasive on this issue. In *Government of the Virgin Islands v. Weatherwax* (C.A.3, 1996), 77 F.3d 1425, the court stated as follows:

"There is general agreement in the case law and the rules of professional responsibility that the authority to make decisions regarding the conduct of the defense in a criminal case is split between criminal defendants and their attorneys. See *Jones v. Barnes,* 463 U.S. 745, 751 [103 S.Ct. 3308, 3312–3313, 77 L.Ed.2d 987, 993–994] (1983); *United States v. Teague,* 953 F.2d 1525, 1531 (11th Cir.), *cert. denied,* 506 U.S. 842 [113 S.Ct. 127, 121 L.Ed.2d 82] (1992); 1 *American Bar Association Standards for Criminal Justice* § 4–5.2 (2d ed. 1980 & Supp.1986) [hereinafter *ABA Standards*]. While this general proposition is more clear than precisely where to draw the dividing line, the Supreme Court has provided some guidance that helps to narrow the issue.

"In *Jones,* the Supreme Court held that although a criminal defendant has an equal access right to an appeal under the Due Process and Equal Protection Clauses, he has no constitutional right to insist that appellate counsel advance every non-frivolous argument the defendant wants raised. 463 U.S. at 754 [103 S.Ct. at 3314, 77 L.Ed.2d at 995]. The Court's review of its prior jurisprudence in *Jones* reflected a recognition that 'the accused has the ultimate authority to make certain fundamental decisions regarding the case.' *Id.* at 751 [103 S.Ct. at 3312, 77 L.Ed.2d at 993–994]. As examples of those 'fundamental decisions,' the Court pointed to the decisions concerning whether to plead guilty, to waive the right to trial by jury, to testify in one's own behalf, to take an appeal, or to waive the right to counsel. *See also Faretta v. California,* 422 U.S. 806, 834 [95 S.Ct. 2525, 2540–2541, 45 L.Ed.2d 562, 581] (1975).

"In support of its analysis, the *Jones* Court referred to ABA Model Rule of Professional Conduct 1.2(a), which reserves decisions on fundamental matters to

the client, and then expressly recognized the complementary proposition that non-fundamental decisions are to be made by counsel on the basis of his or her professional judgment exercised after consultation with the client:

"'A lawyer shall abide by a client's decisions concerning the objectives of representation ... and shall consult with the client as to the means by which they are to be pursued.... In a criminal case, the lawyer shall abide by the client's decision, ... *as to a plea to be entered, whether to waive jury trial and whether the client will testify.*' Model Rules of Professional Conduct, Proposed Rule 1.2(a) (Final Draft 1982) (emphasis added).

"With the exception of these specified fundamental decisions, an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with his client. 463 U.S. at 753 n. 6 [103 S.Ct. at 3313, 77 L.Ed.2d at 994–995].

"The ABA Standards for Criminal Justice recognize as being among the non-fundamental issues reserved for counsel's judgment 'whether and how to conduct cross-examinations, what jurors to accept or strike, [and] what trial motions should be made....' *ABA Standards* § 4–5.2(b). Several courts have also recognized witness selection as being among the non-fundamental decisions that counsel is entitled to make at trial. *E.g., United States v. Long*, 674 F.2d 848, 855 (11th Cir.1982) (holding that counsel's failure to call alibi witnesses was not ineffective assistance and stating: 'This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses.'); *State v. Davis*, 199 Conn. 88 [99–102], 506 A.2d 86, 92 (1986) (holding that counsel's refusal to call a witness that his client had instructed him to call did not violate defendant's right to compulsory process); *People v. Deere*, 41 Cal.3d 353 [222 Cal.Rptr. 13, 710 P.2d 925] (1985) (in bank); *Wainwright v. Sykes*, 433 U.S. 72, 93 [97 S.Ct. 2497, 2509–2510, 53 L.Ed.2d 594, 612] (1977) (Burger, C.J., concurring) ('[The attorney], not the client, has the immediate—and ultimate—responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop.'). The Sixth Circuit Court of Appeals has concluded that issue selection similarly falls in this category. *Meeks v. Bergen*, 749 F.2d 322, 328 (6th Cir.1984) (criminal defense counsel may make strategic decision to assert self-defense rather than battered wife syndrome as defense at client's murder trial). The Eleventh Circuit Court of Appeals has concluded that counsel has the ultimate authority to decide issues concerning 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.' *Teague*, 953 F.2d at 1531.

" * * *

"To avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily be right, so long as it is reasonable. *See Strickland,* 466 U.S. at 687–91 [104 S.Ct. at 2064, 80 L.Ed.2d at 693–696].

" \* \* \*

"Some of the decisions deemed 'fundamental'—such as a decision whether to plead guilty or to take an appeal—relate directly to the objectives of the representation. *Cf. Model Rules of Professional Conduct* Rule 1.2(a) (1994) (stating that a lawyer must abide by a client's decisions concerning the objectives of representation). While the accused should receive the full and careful advice of her lawyer before entering a guilty plea or taking an appeal, these decisions ultimately must be made by the defendant herself. The lawyer can inform the client of the likely consequences of those decisions, but only the defendant knows whether she prefers to bear those consequences or prefers to accept the costs and consequences of going to trial or filing an appeal.

"Other fundamental decisions, such as whether to forego assistance of counsel, to waive a jury trial, or to testify in one's own behalf, in a sense may be viewed as strategic decisions because they relate to the means employed by the defense to obtain the primary object of the representation—ordinarily, a favorable end result. Nevertheless, these decisions are so personal and crucial to the accused's fate that they take on an importance equivalent to that of deciding the objectives of the representation. As the Court explained in *Faretta,* for example, 'although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law." ' 422 U.S. at 834 [95 S.Ct. at 2541, 45 L.Ed.2d at 581] (quoting *Illinois v. Allen,* 397 U.S. 337, 350–51 [90 S.Ct. 1057, 1064–1065, 25 L.Ed.2d 353, 363] (1970) (Brennan, J., concurring)." *Id.* at 1433–1435. (Emphasis *sic.*) See, also, *Winters v. Cook* (C.A.5, 1973), 489 F.2d 174; *United States v. Teague* (C.A.11, 1992), 953 F.2d 1525.

■ Although none of the cases found by this court specifically characterize the right of a defendant to make a decision concerning what jury instructions will be given, this court finds that, based upon the analysis provided by the federal courts, that right would be deemed a nonfundamental right that would be reserved for counsel's judgment.

■ In light of the above, this court finds that appellant's trial counsel had the authority to make the decision to forgo a jury instructions on the lesser included offenses of voluntary manslaughter or involuntary manslaughter, because that decision is not so inherently personal to appellant that it could be waived only by appellant. Therefore, this court finds that the decision not to ask for an instruction on lesser included offenses is a decision that could be made by trial

counsel without the express authority of the appellant. Thus, based upon a review of the record in the present case, this court cannot say that the decision of trial counsel to forgo a jury instruction on lesser included offenses to murder was unreasonable under the circumstances. Appellant has not met his burden of demonstrating that he was entitled to relief based upon his claim of ineffective assistance of counsel.

Based on the foregoing, the assignment of error raised by appellant in his *pro. se* brief is overruled, and the assignment of error raised on appellant's behalf by the public defender is also overruled. Therefore, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

CLOSE and LAZARUS, JJ., concur.