JOURNAL ENTRY AND OPINION
Applicant, Robert Wheeler, has filed an application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was rendered by this court in State v. Wheeler
(May 25, 1995), Cuyahoga App. No. 66923, unreported, which affirmed the applicant's conviction for the offenses of murder with a firearm specification, attempted murder with a firearm specification and having weapons while under disability.
As mandated by App.R. 26(B)(2)(b), an applicant must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey (995),73 Ohio St.3d 411; State v. Reddick (1995), 72 Ohio St.3d 88 . Herein, the applicant is attempting to reopen the appellate judgment that was journalized on June 5, 1995. The application for reopening was not filed until November 28, 2000, more than five years after journalization of the appellate judgement which affirmed the applicant's conviction for the offenses of murder with a firearm specification, attempted murder with a firearm specification and having weapons while under disability. The applicant has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis
(Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. Thus, the applicant's application for reopening is fatally defective and must be denied.
Additionally, a substantive review of the brief in support of the application for reopening fails to demonstrate the existence of ineffective assistance of appellate counsel. The applicant raises one proposed assignment of error in support of his claim of ineffective assistance of appellate counsel. The applicant's proposed assignment of error is that:
 THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSELS (sic) FAILURE TO RAISE THE ISSUE THAT THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR COUNSELS (sic) FAILURE TO REQUEST JURY INSTRUCTIONS ON THE OFFENSE OF VOLUNTARY MANSLAUGHTER.
The right of a defendant to make or request a specific jury instruction has been deemed a nonfundamental right that is best reserved for counsel's judgment. State v. Edward (1997), 119 Ohio App.3d 106 . In addition, trial counsel may waive jury instruction on the lesser included offense of voluntary manslaughter without express authority of the defendant in a murder prosecution. Id, at 111. Finally, the decision of trial counsel not to request instruction on a lesser included offense, is a matter of trial strategy and does not deprive a defendant of effective assistance of counsel. State v. Moore (1994), 97 Ohio App.3d 137. See, also, State v. Catlin (1990), 56 Ohio App.3d 75.
Consideration of the applicant's proposed assignment of error would not have resulted in a reversal of the applicant's conviction for the offenses of murder, attempted murder and having weapons while under disability. Further, the record before this court demonstrates that trial counsel rationally and intentionally chose not to request an instruction with regard to the lesser included offense of voluntary manslaughter and this court must indulge in the presumption that the decision of trial counsel was sound trial strategy. Jones v. Barnes (1983), 463 U.S. 745. We find no error of law associated with the decision of trial counsel not to request a jury instruction with regard to the lesser included offense of voluntary manslaughter. Thus, appellate counsel was not ineffective upon appeal to this court since in an appeal to this court, appellate counsel is not required to argue assignments of error that are meritless. Strickland v. Washington (1984), 466 U.S. 668; State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.3d 299.
Accordingly, the applicant's application for reopening is denied.
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR.