OPINION
William Copeland is appealing the judgment of the Montgomery County Common Pleas Court, finding him guilty of breaking and entering an unoccupied structure.
On the night of August 7, 2000, the United Dairy Farmers (hereinafter "UDF") store at 1117 North Main Street in Dayton was robbed. When the Dayton Police Officers arrived, they found a window had been broken. The officers were waiting for an employee to arrive to unlock the door when suddenly they saw movement inside the store. The police officers then loudly identified themselves and ordered the suspect to show his hands and come out from his hiding place. Initially, the suspect froze, but then started crawling toward the rear exit, which was bolted shut. The officers then decided to break the window further to gain entry. In so doing, the officers set off the security alarm which had not been sounding when the officers arrived. Once inside the store, the officers saw Mr. Copeland crawling on the floor. Mr. Copeland attempted to escape through the rear door but was unsuccessful and then instead entered the men's restroom. Inside the restroom, Mr. Copeland either knocked down or pulled down ceiling tiles. Officer Kowalski entered the restroom to find Mr. Copeland attempting to escape through the ceiling. Officer Kowalski seized Mr. Copeland from the ceiling and placed him into custody. After having been read his Miranda rights, Mr. Copeland stated, "I do not hurt people. I only steal."
Mr. Copeland had suffered several cuts on his wrist, biceps and back. He was taken to Grandview Hospital for treatment of those injuries. Inside the UDF, the cigarette cabinet was covered in blood. Also, a plastic trash bag, filled with cigarettes, was bloody.
Mr. Copeland was indicted on August 30, 2000 for breaking and entering an unoccupied structure with the intent to commit a theft offense or felony. A jury trial was held and Mr. Copeland was convicted of the charged offense. On January 2, 2001, Mr. Copeland was sentenced to twelve months in jail. Mr. Copeland has filed this timely appeal of that decision.
Mr. Copeland raises the following as his sole assignment of error:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION.
Mr. Copeland argues that his counsel was ineffective because he failed to request a jury instruction on the defense of voluntary intoxication and did not call Mr. Copeland to testify as to his intoxication. We disagree.
In order to prevail on a claim for ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that this error had an effect on the judgment. Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied (1990),497 U.S. 1011. A reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, supra at 691-692. Additionally, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. at 690.
Mr. Copeland argues that his counsel was ineffective for failing to request a jury instruction on the defense of voluntary intoxication. The offense of breaking and entering requires a defendant to have the specific intent of trespassing "with [the] purpose to commit therein any theft offense." R.C. 2911.13. Mr. Copeland asserts that voluntary intoxication would negate this intent and thus if trial counsel had requested a jury instruction for this defense, Mr. Copeland may not have been convicted of the offense. However, the State asserts that Mr. Copeland's trial counsel was unable to elicit evidence that Mr. Copeland was intoxicated on the night of the incident. During cross examination of Officer Miller and Officer Kowalski, Mr. Copeland's trial counsel attempted to elicit testimony that Mr. Copeland appeared intoxicated, but was unsuccessful. (Tr. 168-169, 191). Additionally, the State presented evidence that on the night of the offense, Mr. Copeland either disengaged the alarm or broke in without setting it off, remained on his hands and knees to avoid the motion sensors, and attempted to escape through the ceiling, arguably the last possible avenue of escape, when the police arrived. This behavior tended to indicate that Mr. Copeland was not intoxicated.
Although Mr. Copeland's trial counsel was able to elicit testimony that Mr. Copeland was unkempt, yelling while inside the police cruiser, and soiled himself on the way to the hospital, this was not necessarily indicative of intoxication. Further even if this evidence did indicate intoxication, this would not be sufficient for the defense of voluntary intoxication. The defense must show that Mr. Copeland was too intoxicated to form a purposeful intent. The Ohio Supreme Court has stated that "intoxication, even severe intoxication, can co-exist with purpose."State v. Hicks (1989), 43 Ohio St.3d 72, 74-75, certiorari denied (1990), 494 U.S. 1038. Evidence was not presented that Mr. Copeland was too intoxicated to form purposeful intent. Therefore, trial counsel had no basis for requesting an intoxication instruction, and failure to make such a request was not ineffective assistance of counsel.
Additionally, Mr. Copeland argues that trial counsel prejudiced him by failing to have him testify as to his intoxication. The right to testify is an inherently personal right and is exercised or waived by the client, not the attorney. The Tenth District Court of Appeals has stated:
 The ABA Model Rule of Professional Conduct 1.2(a) * * * reserves decisions on fundamental matters to the client, and then expressly recognized the complementary proposition that non-fundamental decisions are to be made by counsel on the basis of his or her professional judgment exercised after consultation with the client:
 A lawyer shall abide by a client's decision concerning the objectives of representation * * * In a criminal case, the lawyer shall abide by the client's decision * * * as to a plea to be entered, whether to waive jury trial and whether the client will testify.
State v. Edwards (1997), 119 Ohio App.3d 106, 109-110. Therefore, even if trial counsel advised against Mr. Copeland testifying, he was still able to testify. Absent evidence to the contrary, the appellate court must presume that a defendant-appellant's failure to testify was the result of his knowing and intelligent decision. State v. Carter (1996),115 Ohio App.3d 770, 776. Thus, as Mr. Copeland has presented no evidence to counter the presumption that his failure to testify was the result of his own knowing and intelligent decision, this Court presumes that Mr. Copeland made the decision not to testify and his trial counsel was not ineffective for complying with his client's wishes. Mr. Copeland was not rendered ineffective assistance of counsel
The judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.