[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Jason C. Perkins, appeals a conviction for theft pursuant to R.C. 2913.02(A)(2). In his sole assignment of error, he contends that he was denied the effective assistance of counsel. He argues that his attorney was ineffective for allowing him to take the stand and to testify to other criminal acts, and that he was prejudiced because that testimony led the trial court to order him to pay additional restitution. This assignment of error is not well taken.
{¶ 3} The decision whether a defendant should testify is a tactical decision. State v. Bey, 85 Ohio St.3d 487, 1999-Ohio-283,709 N.E.2d 484; State v. McKay, 11th Dist. No. 2001-A-0008, 2002-Ohio-3960. Therefore, the advice of the attorney to the client regarding the decision to testify cannot be challenged on appeal on the grounds of ineffective assistance of counsel unless the defendant shows that the decision was the result of coercion. McKay, supra; State v.Winchester, 8th Dist. No. 79739, 2002-Ohio-2130.
{¶ 4} The decision whether to testify is a fundamental right that is personal to the defendant and that only the defendant may waive. Bey, supra; State v. Edwards (1997), 119 Ohio App.3d 106, 694 N.E.2d 534. Thus, Perkins made the ultimate decision to testify on his own behalf. Since he has not demonstrated any coercion, his claim for ineffective assistance must fail. See McKay, supra.
{¶ 5} Further, after reviewing the record, we cannot hold that counsel's performance fell below an objective standard of reasonableness. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. The record shows that Perkins's counsel was trying to reduce the amount of restitution Perkins would have been required to pay by having him testify that part of the money he removed from ATMs was used to replace other missing money, and that the amounts reflected in the company audits were not accurate. This attempt fell within the realm of acceptable trial strategy, even though it did not produce the desired result. See State v. Thompson (1987), 33 Ohio St.3d 1, 514 N.E.2d 407;State v. Johnson (Dec. 1, 2000), 1st Dist. No. C-000090. Consequently, Perkins has failed to meet his burden to demonstrate ineffective assistance of counsel. See Strickland, supra; Thompson supra. We overrule his assignment of error and affirm his conviction and sentence.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.