JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Freddie Edwards, appeals his guilty plea to one count of felonious assault with a three-year firearm specification and subsequent six-year sentence.
 {¶ 2} The record before us demonstrates that appellant was indicted in this case, Case No. CR-449290, on three counts of felonious assault. Count three of the indictment contained one- and three-year firearm specifications. Appellant was also under a 13-count indictment in another case, Case No. CR-448757, for completely separate offenses.
 {¶ 3} On March 5, 2004, at the pre-trial hearing, appellant was referred to the Court Psychiatric Clinic for a determination of his competency to stand trial and sanity at the time the crimes were committed. On April 2, 2004, the Court Psychiatric Clinic issued two reports, one finding appellant sane at the time he committed the crimes; the other finding him incompetent to stand trial, but able to be restored to competency within the statutory period.
 {¶ 4} At a pre-trial hearing held on April 7, 2004, appellant's counsel and the assistant prosecuting attorney stipulated to the findings of both reports and the court concluded that appellant was incompetent, but restorable. Accordingly, the court ordered appellant to Northcoast Behavioral Healthcare for restoration. Appellant's counsel subsequently requested, and was granted, transfer of appellant's case to the Mental Health Court's docket.
 {¶ 5} In a report dated June 3, 2004, Dr. Alice Holly Cook of Northcoast Behavioral Healthcare found appellant competent to stand trial. However, in a letter received by the court on June 15, 2004, Dr. Cook notified the court that appellant was experiencing adverse side effects from his medications. As a result, the competency hearing was held in abeyance, pending appellant's stabilization on new medications, which occurred approximately one month later.
 {¶ 6} Appellant's attorney, however, requested a second opinion as to appellant's competency, and as a result, appellant was evaluated again by the Court Psychiatric Clinic. In a report dated August 20, 2004, the evaluating psychiatrist from the Court Psychiatric Clinic issued an opinion that appellant was competent to stand trial. Thereafter, the court held another competency hearing, at which both the State and defense counsel stipulated to the results and findings of the August 20, 2004 report.
 {¶ 7} On October 6, 2004, appellant withdrew his previously entered not guilty plea and pleaded guilty to count three of the indictment in this case, Case No. CR-449290, felonious assault, a felony of the second degree, with a three-year firearm specification. In exchange for his plea, the one-year firearm specification attendant to count three in this case, along with the remaining two counts of felonious assault in this case and the entire 13-count indictment in Case No. CR-448757, were nolled. Appellant waived his right to a presentence investigative report and the court sentenced him to a mandatory three-year term on the firearm specification, to be served prior and consecutive to a three-year term on the felonious assault.
 {¶ 8} In his first assignment of error, appellant contends that his trial counsel's stipulation to his competency denied him effective assistance of counsel.
 {¶ 9} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph one of the syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673,674, 693 N.E.2d 267.
 {¶ 10} This court has refused to adopt a per se rule that waiver of a challenge to a court psychiatric report or failure to request an independent referral constitutes ineffective assistance of counsel. See State v. Brown (1992),84 Ohio App.3d 414, 422, 616 N.E.2d 1179; State v. Wilson (Apr. 23, 1998), Cuyahoga App. No. 71758.
 {¶ 11} Appellant argues that his counsel was ineffective because after he stipulated to the August 20, 2004 report, he challenged the report and sought to have appellant psychologically tested to verify his IQ. The facts in Wilson,
supra, are similar to the facts of this case. There, after stipulating to reports finding Wilson sane at the time of the offense and competent to stand trial, Wilson's attorney took "issue" with the psychiatrist's finding that "Wilson did not suffer from a severe mental disease or defect and that she did know the wrongfulness of acting as it has been alleged she acted." Id. at 3. After the court accepted the parties' stipulation and found Wilson sane and competent to stand trial, Wilson pleaded guilty pursuant to her negotiations with the State.
 {¶ 12} In affirming the trial court's judgment, this court reasoned that the decision of Wilson's lawyers to stipulate to Wilson's sanity and competency "may have been in her best interest in light of the plea bargain." Id. at 6. This court noted that the doctor's report verified the conclusion that Wilson was sane and competent and that counsel's "pondering without additional information was insufficient to cause the court to ignore [the doctor's] report, to disregard the stipulation, and to order additional testing." Id., citing Statev. Rubenstein (1987), 40 Ohio App.3d 57, 60-61, 531 N.E.2d 732.
 {¶ 13} In this case, we similarly find that appellant's counsel was not ineffective by stipulating to the August 20, 2004 report. In considering the first prong of the Strickland test, whether the performance of appellant's counsel fell below an objective standard of reasonableness, we find that there was no substantial violation of any of defense counsel's essential duties to appellant. Appellant's attorney took the necessary precautions to protect his rights. After Northcoast Behavioral Healthcare treated appellant and found him restored to competency, counsel requested a second opinion, which the court granted. That second opinion reached the same conclusion as Northcoast Behavioral Healthcare — appellant was competent.
 {¶ 14} R.C. 2945.37(G), governing competency, provides as follows:
 {¶ 15} "A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code."
 {¶ 16} The August 20, 2004 report, stipulated to by appellant's counsel, notes that appellant was questioned about his understanding of the following: the charges against him; the duties of the prosecutor, the judge, the jury and his attorney; the meaning of guilty and not guilty; and the plea bargaining process. The report indicates that, based upon that questioning, appellant demonstrated a genuine understanding of the legal process. The report further indicates that appellant was able to disclose pertinent facts relative to the criminal allegations.
 {¶ 17} Thus, counsel's stipulation to the report, given the reduced sentencing exposure appellant received as part of the plea bargain, was probably in appellant's best interest. This obviously was a tactical decision on the part of counsel, which we will not second-guess. See State v. Edwards (1997),119 Ohio App.3d 106, 110, 694 N.E.2d 534.
 {¶ 18} The cases cited by appellant are not helpful to his argument. In State v. Bolin (1998), 128 Ohio App.3d 58, two separate doctors evaluated Bolin and found him incompetent to stand trial, but competent to enter a plea. On appeal, this court held that the doctors erred in applying a different standard of competency for standing trial and taking a plea — the standard is the same.
 {¶ 19} In State v. Brown (1992), 84 Ohio App.3d 414, this court found trial counsel ineffective for failing to request a second sanity evaluation or questioning the examining doctor when it was apparent that Brown had no recollection of the crime. In this case, however, appellant's counsel did request a second evaluation and appellant was able to disclose pertinent facts relative to the criminal allegations.
 {¶ 20} Thus, based on the aforementioned, we find that the first prong of the Strickland test has not been met. Further, we find that appellant has failed to demonstrate the second prong of the Strickland test — that the result of the proceedings would have been different but for counsel's alleged deficient performance. Appellant argues that "there is a reasonable probability that had Trial Counsel challenged the finding of competency and presented independent evidence of Appellant's mental deficiencies, then Appellant would have been found incompetent." Without more, however, appellant's arguments are mere speculation. Moreover, the August 20, 2004 evaluation took into account appellant's depressive disorder and impaired intellectual functioning and in spite of those limitations, still concluded that appellant was competent.
 {¶ 21} Accordingly, we find that appellant has failed to demonstrate either prong of the Strickland test and overrule his first assignment of error.
 {¶ 22} In his second assignment of error, appellant argues that even if he had been competent to stand trial, the trial court erred in taking his plea because it was not knowingly and voluntarily made.
 {¶ 23} Initially, we note that as this court held in Statev. Carmon, (Nov. 18, 1999), Cuyahoga App. No. 75377, "the failure to file a Crim.R. 32.1 motion or otherwise challenge a guilty plea at the trial level constitutes waiver of the issue on appeal." Here, counsel (trial or appellate) did not file a motion to vacate the plea. That notwithstanding, this court will review this case for plain errors or defects affecting substantial rights pursuant to Crim.R. 52(B). State v. Tisdale (Dec. 17, 1998), Cuyahoga App. No. 74331; State v. Leon (Mar. 12, 1998), Cuyahoga App. No. 72407.
 {¶ 24} The plain error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice. State v. Cooperrider (1983),4 Ohio St.3d 226, 227, 448 N.E.2d 452. Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. Id.
 {¶ 25} Crim.R. 11(C) governs pleas of guilty and no contest in felony cases and provides in relevant part as follows:
 {¶ 26} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 27} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 28} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 29} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 30} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. State v. Olds (June 8, 2001), Cuyahoga App. No. 76240, citing State v. Ballard (1981), 66 Ohio St.2d 473, 479-480,423 N.E.2d 115.
 {¶ 31} In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. Id.; State v. Stewart (1977),51 Ohio St.2d 86, 93, 364 N.E.2d 1163; State v. Gibson (1986),34 Ohio App.3d 146, 147, 517 N.E.2d 990. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard,
supra, at paragraph two of the syllabus.
 {¶ 32} Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his or her plea and the nature of the rights he or she was waiving. State v. Nero (1990), 56 Ohio St.3d 106,108, 564 N.E.2d 474; Stewart, supra, at 93. The Supreme Court of Ohio has observed that there is no easy or exact way to determine what someone subjectively understands. State v.Carter (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757. Accordingly, "if the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether the defendant had the required information,] we look at all the particular facts and circumstances surrounding the case." Id. at 38.
 {¶ 33} Appellant argues that his impaired intellectual functioning and depression rendered him unable to knowingly and voluntarily enter a plea in this case. We disagree.
 {¶ 34} A review of the change of plea hearing transcript demonstrates that appellant understood his rights, the consequences of the plea, and that he voluntarily, knowingly and intelligently wished to waive his rights and plead guilty. At the outset of the hearing, the court questioned appellant as to his understanding of the proceeding in general, as set forth by the State and defense counsel. While appellant indicated that he did not understand what the assistant prosecuting attorney had said because he could not remember what had been said, he indicated that he understood what his attorney had said, which was a reiteration of what the assistant prosecuting attorney had said.
 {¶ 35} The trial court then reiterated what had been said by both counsel and asked appellant if he understood, to which appellant responded that he did. The trial court reviewed with appellant his rights and the possible penalties, and appellant indicated that he understood. Appellant's counsel further repeated the judge's questions to ensure that appellant understood.
 {¶ 36} During the entire plea colloquy, appellant only indicated one time that he did not understand. That instance occurred in regard to the court's explanation of what would happen if appellant violated the terms of his post-release control. After the court's re-explanation, however, appellant indicated that he understood. Further, at the conclusion of the whole plea colloquy, the court inquired of appellant if he had any questions, to which he responded that he did not.
 {¶ 37} Accordingly, under a plain error analysis, we find that appellant's plea was voluntarily, knowingly and intelligently made, and overrule his second assignment of error.
 {¶ 38} In his third assignment of error, appellant contends that he was denied effective assistance of counsel because of trial counsel's failure to object at sentencing to the victim in Case No. CR-448757, the nolled case, making a statement to the court.
 {¶ 39} As previously set forth, under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show that his lawyer's performance fell below an objective standard of reasonable representation and prejudice arose from the lawyer's deficient performance.Bradley, supra, at paragraph one of the syllabus.
 {¶ 40} Initially, we find that appellant's counsel did object to the statement at issue. While appellant's counsel did not make his objection when the State informed the court that the victim wished to make a statement to the court, he did sufficiently raise the issue when it was his opportunity to address the court:
 {¶ 41} "I'm not trying to split hairs here, but your honor, although the events that [the victim of Case No. CR-448757] indicated to, that case was dismissed in the effort to help obtain a plea on the felonious assault case. And I would ask that you consider the fact that that case has been dismissed, and that we're here on the guilty plea, on the felonious assault against the second victim, Mr. Michael Jones."
 {¶ 42} Evid.R. 103(A)(1) requires a party to timely object to the admission of evidence and to state the specific ground of the objection if it is not otherwise apparent from the context of the testimony in order to preserve an error for appellate review. Counsel's statement, while not formally presented as an objection and not made at the first opportunity to do so, nonetheless set forth the specific grounds as to why the court should not consider the victim's statement from the nolled case and afforded the trial court the opportunity to effectively identify and correct the alleged error (i.e., not consider the statement of the victim in the nolled case when imposing sentencing). Thus, we hold that appellant has failed to demonstrate the first prong of the Strickland test.
 {¶ 43} Moreover, a court may consider other charges, including charges which were dismissed as part of a plea agreement, during sentencing. State v. Wiles (1991),59 Ohio St.3d 71, 571 N.E.2d 97; State v. Carty (Nov. 2, 2000), Cuyahoga App. No. 77520; State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207; State v. Jackson (Sept. 22, 1994), Cuyahoga App. No. 65566.
 {¶ 44} Further, it appears that even taking into account the victim's statement from the nolled case, appellant did not suffer material prejudice. In particular, appellant pleaded guilty to a second degree felony with an accompanying three-year firearm specification. Thus, appellant could have been sentenced on the felonious assault, pursuant to R.C. 2929.14(A)(2), from anywhere between two to eight years. Pursuant to R.C.2929.14(D)(1)(a)(ii), 2929.14(E)(1)(a) and 2941.145, the trial court had to sentence appellant to a mandatory three-year sentence for the firearm specification, to be served prior and consecutive to the sentence on the underlying offense. Thus, appellant's six-year sentence consisted of three years for the firearm specification and three years for felonious assault. Appellant's sentence on the felonious assault was only one year over the minimum sentence for a second degree felony. We do not find appellant was prejudiced by such a sentence.
 {¶ 45} Accordingly, we do not find that appellant was denied the effective assistance of counsel at sentencing and overrule his third assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., Concur.