OPINION
{¶ 1} Defendant-Appellant, Cory Montgomery, appeals from the judgments of the Crawford County Court of Common Pleas, sentencing him to a thirty-month prison term. On appeal, Montgomery argues that the trial court erred by considering uncharged conduct in sentencing him. Finding that the trial court did not improperly consider Montgomery's uncharged conduct in ordering his sentence, we affirm the judgments of the trial court.
 {¶ 2} We initially note that this is a consolidated appeal of case numbers 3-08-10 and 3-08-11, both heard together at the trial court. Case number 3-08-10 corresponds to common pleas court case number 05-CR-0081, arising from a community control violation. Case number 3-08-11 corresponds to common pleas court case number 08-CR-0007, arising from a drug possession conviction. *Page 3 
 {¶ 3} In June 2005, Montgomery was indicted by the Crawford County Grand Jury on one count of heroin possession, in an amount less than one gram, in violation of R.C. 2925.11(C)(6)(a), a felony of the fifth degree. The indictment arose from an incident whereby Montgomery was approached by officers outside a video store when he appeared to be very intoxicated. While the officers were speaking to him, Montgomery kept reaching for his pockets, at which time the officers searched him and found heroin.
 {¶ 4} In August 2005, Montgomery entered a plea of guilty to the indictment. Subsequently, the trial court sentenced him to three years of community control and ordered him to complete a drug and alcohol treatment program.
 {¶ 5} In January 2008, the State filed a notice of violation of the terms of community control, alleging that Montgomery refused to provide a urine sample to his probation officer and admitted to using heroin. Shortly thereafter, Montgomery was indicted for a separate incident by the Crawford County Grand Jury on one count of possession of heroin in the vicinity of a juvenile in violation of R.C. 2925.11(C)(6)(a), a felony of the fourth degree, and one count of child endangerment in violation of R.C. 2929.22(A), a misdemeanor of the first degree. The indictment stemmed from an event whereby Montgomery took his wife to the hospital for a heroin overdose and, upon questioning by police, admitted to using *Page 4 
heroin with his wife while in the presence of their one year-old daughter and driving his wife to the hospital with his daughter in the car while he was under the influence of heroin. Subsequently, Montgomery entered a not guilty plea to both counts of the indictment and denied the allegation of a community control violation.[1]
 {¶ 6} In February 2008, Montgomery withdrew his not guilty plea, entered a plea of guilty to both counts of the indictment, and entered an admission to the community control violation.
 {¶ 7} In April 2008, the trial court sentenced Montgomery to an eighteen-month prison term on the drug possession count, a six-month jail term on the child endangerment count, and a twelve-month prison term for the community control violation. The trial court ordered the sentences for drug possession and the community control violation to be served consecutively, with the child endangerment sentence to be served concurrently, for a total prison term of thirty months. In sentencing Montgomery, the trial court stated the following from the bench:
 Well there's been a lot of talk here, Mr. Montgomery, about the result of your conduct. You're not charged with what could've happened there. You know, I don't know who put the needle in your wife's arm. I don't know whether it matters because as sure as we're sitting here, you're responsible for the death of your wife. She didn't even know what heroin was, apparently, *Page 5 until she ran into you. Nothing that this Court, or any other Court, Morrow County has done, has changed your behavior. * * * You had opportunity after opportunity and I won't even bore people with your record. As the prosecutor points out, you've been through treatment. It didn't do any good. You did find a wife. It didn't stop you. You had a child. Even that didn't stop you. You not [sic] the decency to do this stuff out of your child's presence. * * * The only regret I have today is that I can't sentence you for what I think you really did. And that's be responsible for the death of your wife. But you're not charged with that. I don't have the power to charge you. All I have the power to do is clean up after the mess. This court sentences you to eighteen months at Lorain Correctional Institute on count one in case 08 CR 007, to six months in the Crawford County Jail on count two in that case. On case number 05 CR 0081, the Court sentences you to twelve months at Lorain Correctional Institution. The Court orders these sentences to run consecutively.[2]
(Sentencing Hearing Tr., pp. 7-8).
 {¶ 8} It is from this judgment that Montgomery appeals, presenting the following assignment of error for our review
 THE TRIAL COURT ERRED BY IMPROPERLY CONSIDERING UNCHARGED CONDUCT ALLEGEDLY COMMITTED BY DEFENDANT. THE COURT MAY NOT CONSIDER UNPROVEN ALLEGATIONS OF OTHER CONDUCT TO EXACERBATE THE PUNISHMENT.
 {¶ 9} In his sole assignment of error, Montgomery argues that the trial court erred by considering uncharged conduct in sentencing him. Specifically, Montgomery contends that the trial court assessed a maximum possible sentence *Page 6 
on all counts because the trial court thought he caused the death of his wife by helping her to shoot heroin, an allegation for which he was not indicted. We disagree.
 {¶ 10} When a criminal defendant appeals the sentence of the trial court, the appellate court must conduct a meaningful review of the sentencing decision. State v. Daughenbaugh, 3d Dist. No. 16-07-07,2007-Ohio-5774, ¶ 8, citing State v. Carter, 11th Dist. No. 2003-P-0007,2004-Ohio-1181. A meaningful review allows the appellate court to modify or vacate a felony sentence and remand the matter to the trial court for resentencing if clear and convincing evidence shows the sentence was contrary to law or was not supported by the record.Daughenbaugh, supra, citing Carter, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G).[3] Clear and convincing evidence is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt * * *. It does not mean clear and unequivocal." In re Estate ofHaynes (1986), 25 Ohio St.3d 101, 103-04. *Page 7 
 {¶ 11} In sentencing an offender, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and to punish the offender. R.C. 2929.11(A); State v. Scott, 3d Dist. No. 6-07-17, 2008-Ohio-86, ¶ 49, citing State v. Foust, 3d Dist. No. 3-07-11, 2007-Ohio-5767, ¶ 27. Furthermore, the trial court must contemplate the seriousness of the conduct and the recidivism of the offender pursuant to R.C. 2929.12(A). Id.
 {¶ 12} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio pronounced as unconstitutional, those portions of the felony sentencing statutes requiring judicial fact finding before imposition of sentences. The Court in Foster specifically stated that "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 13} Although a trial court is granted full discretion in felony sentencing in the wake of Foster, a trial court may not consider allegations of conduct which have not been adjudicated by a finding of guilt, either by plea or by trial. See State v. Blake, 3d Dist. No. 14-03-33, 2004-Ohio-1952. Allowing a sentence to be imposed on the basis of such conduct "would permit a defendant to be punished *Page 8 
for offenses without a trial or an opportunity to defend oneself by cross-examining the witnesses." State v. Park, 3d Dist. No. 3-06-14,2007-Ohio-1084, ¶ 7, citing Blake, supra, at ¶ 6. But a mere reference to a defendant's unadjudicated conduct by the trial court, without an imposition of sentence on the basis of that conduct, does not give rise to an error. See Park, 2007-Ohio-1084, at ¶¶ 7-8.
 {¶ 14} Here, the trial court sentenced Montgomery to an aggregate prison term of thirty months, with the eighteen-month prison term for drug possession and the twelve-month prison term for the community control violation served consecutively. In sentencing Montgomery, the trial court made several references to his wife's death as a result of a heroin overdose and its belief that Montgomery substantially contributed to her death, even though he was not charged in connection therewith. While the trial court did reference this uncharged conduct, it also made clear that it regrettably did not have the ability to sentence Montgomery on the basis of that conduct. "The only regret I have today is that I can't sentence you for what I think you really did. And that's be responsible for the death of your wife. But you're not charged with that." (Sentencing Hearing Tr., p. 8).
 {¶ 15} Moreover, the trial court also stated several grounds for the imposition of its sentence, including sentencing factors under R.C. 2929.11(A) and R.C. 2929.12(A); that Montgomery had been previously arrested for heroin possession; that he had undergone a drug treatment program; and, that he did *Page 9 
heroin in the presence of his child. Finally, the trial court could have ordered all sentences to run consecutively for an even greater prison term, but instead chose to only have the sentences for drug possession and the community control violation to be served consecutively. Consequently, we find that the trial court did not improperly consider uncharged conduct as the basis for Montgomery's sentence, and, in light of the trial court's broad sentencing discretion pursuant toFoster, we find the trial court did not err in imposing an aggregate sentence of thirty months.
 {¶ 16} Accordingly, we overrule Montgomery's assignment of error.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 SHAW, P.J., and PRESTON, J., concur.
[1] The trial court considered the community control violation and the January 2008 indictment together throughout the proceedings, and the two cases have been consolidated together for purposes of this appeal.
[2] The trial court's statement that the sentences were to run consecutively referred to the total sentences of case number 05 CR 0081 and case number 08 CR 007, with the two sentences for eighteen months and six months in case number 08 CR 007 to be served concurrently.
[3] We note that the Supreme Court of Ohio's recent plurality opinion in State v. Kalish, — Ohio St.3d —, 2008-Ohio-4912, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard, the standard adopted by three dissenting Justices in Kalish, we note that the outcome of our decision in this case would be identical under the Kalish plurality's two part test as well. *Page 1