[Cite as *State v. Ropp*, 2014-Ohio-2462.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  14-13-21

    v.

MICHAEL PAUL ROPP,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 13-CR-0059

Judgment Affirmed

Date of Decision:  June 9, 2014

APPEARANCES:

    *Alison Boggs* for Appellant

    *Terry L. Hord*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Michael Ropp ("Ropp") brings this appeal from the judgment of the Court of Common Pleas of Union County. Ropp claims on appeal that the trial court considered inappropriate evidence at the sentencing hearing and erred in sentencing him to consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 17, 2013, the Union County Grand Jury indicted Ropp on seven counts: 1) Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), (B)(1), a felony of the first degree; 2) Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), a felony of the fifth degree; 3) Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(c), a felony of the fourth degree; 4) Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(c), a felony of the fourth degree; 5) Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(c), a felony of the third degree; 6) Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(c), a felony of the fourth degree; and 7) Possessing Criminal Tools in violation of R.C. 2923.24(A), (C), a felony of the fifth degree. Doc. 2. Ropp was arraigned on April 25, 2013 and entered pleas of not guilty. Doc. 7. On August 27, 2013, Ropp changed his plea from not guilty to guilty to all counts of the indictment. Doc. 36. There was no agreement as to sentencing.

{¶3} The sentencing hearing was held on October 21, 2013. Doc. 41. The trial court determined that Count 2 and Count 7 were allied offenses which merged, and the State chose to have Ropp sentenced on Count 2. *Id*. The trial court then sentenced Ropp to prison terms of five years on Count 1, six months on Count 2, twelve months on Count 3, fifteen months on Count 4, twenty-four months on Count 5, and fifteen months on Count 6 with all sentences to be served consecutive to the others. *Id*. As a result, the combined prison term imposed was eleven years with jail time credit of 201 days as of the date of sentencing. *Id*. On November 19, 2013, Ropp filed his notice of appeal. Doc. 48. On appeal, Ropp raises the following assignments of error.

### First Assignment of Error

**The trial court erred at [Ropp's] sentencing hearing when it permitted [the State] to present evidence of unrelated situations and inferred [Ropp] participated, which prejudiced [Ropp].**

### Second Assignment of Error

**The trial court erred when it sentenced Ropp to consecutive sentences.**

{¶4} In the first assignment of error, Ropp challenges the presentation by the State of alleged offenses for which Ropp was never charged or convicted at sentencing as justification for a longer sentence. When sentencing a defendant for a felony, the trial court must be guided by the purposes of felony sentencing set

forth in R.C. 2929.11 and consider the mandatory factors set forth in R.C. 2929.12.

> **(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**
>
> **(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.**
>
> **(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.**

R.C. 2929.11.

> **(A) Unless otherwise required by [R.C. 2929.13 or 2929.14], a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.**

**(B)** The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

* * *

**(2)** The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

* * *

**(6)** The offender's relationship with the victim facilitated the offense.

**(7)** The offender committed the offense for hire or as a part of an organized criminal activity.

* * *

**(C)** The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

**(1)** The victim induced or facilitated the offense.

* * *

**(3)** In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

* * *

**(D)** The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes.

\* \* \*

**(2)   The offender previously was adjudicated a delinquent child pursuant to [R.C. 2151] or the offender has a history of criminal convictions.**

**(3)   The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child \* \* \* or the offender has not responded favorably to sanctions previously imposed for criminal convictions.**

**(4)   The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.**

**(5)   The offender shows no genuine remorse for the offense.**

**(E)   The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:**

\* \* \*

**(5)   The offender shows genuine remorse for the offense.**

R.C. 2929.12.  Generally, the trial court is not limited to only considering the facts related directly to the conviction.  *State v. Bowsher,* 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714 (2d Dist.).  Courts have historically been permitted to consider hearsay evidence, evidence of an offender's criminal history, the facts concerning charges dismissed, and even offenses for which charges were not filed, but were addressed in the presentence investigation ("PSI").  *Id.*  This court has previously held that evidence of other crimes, including crimes for which no

charges were filed can be considered at sentencing. *State v. Ford*, 3d Dist. Union No. 14-10-07, 2010-Ohio-4069, ¶19. The holding in *Ford* is based partially upon the Ohio Supreme Court's holding in *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). In *Cooey,* the PSI contained information regarding offenses for which the defendant had never been charged. The Ohio Supreme Court held that those alleged offenses were properly in the PSI, though may have been more appropriate for the social history, and thus could be considered by the trial court at sentencing.

{¶5} However, this court has also held that the ability of the trial court to consider evidence of other offenses for which there was no conviction is not completely unfettered. *See State v. Blake*, 3d Dist. Union No. 14-03-33, 2004-Ohio-1952. "The trial court's consideration cannot indicate a bias toward the defendant indicating that the trial court believes that the defendant is guilty of the charges which were dismissed." *Id*. at ¶ 5. "[W]e have recognized that a trial court is not vested with authority to consider allegations of conduct that have not been adjudicated in a court of law." *State v. Hartley*, 3d Dist. Union No. 14-11-29, 2012-Ohio-4108, ¶33. "Allowing a sentence to be imposed on the basis of such conduct 'would permit a defendant to be punished for offenses without a trial or an opportunity to defend oneself by cross-examining the witnesses.'" *State v.*

*Montgomery,* 3d Dist. Crawford No. 3-08-10, 3-08-11, 2008-Ohio-6182, ¶13 (quoting *State v. Park*, 3d Dist. Crawford No. 3-06-14, 2007-Ohio-1084).

**{¶6}** This court notes that the alleged offenses in this case were not mentioned in the PSI, but instead were raised by direct testimony. The challenged testimony discussed how the heroin allegedly brought into the county and allegedly supplied by Ropp had resulted in a drug overdose of one woman and the drug overdose and related death of a second woman. Ropp was not charged with either of these offenses. At the sentencing hearing, the trial court did not discuss the alleged offenses for which no charges were brought. However, in the sentencing entry, the trial court spent several pages discussing this testimony. The trial court clearly considered this evidence in reaching its sentence.

**{¶7}** The statute permits the trial court to consider any relevant factors as to sentencing. This would include the effect of the charged offenses on individual members of society. Although a trial court must be cautious not to solely impose a sentence based upon what might have happened, it can consider how the offenses for which the defendant was convicted affect others. In this case, Ropp was convicted and sentenced on one first degree felony, one third degree felony, three fourth degree felonies, and one fifth degree felony. The sentencing range for a first degree felony is three to ten years in prison. R.C. 2929.14(A)(1). The trial court imposed a sentence of five years in prison. The sentencing range for

felonies of the third degree is one to five years in prison. R.C. 2929.14(A)(3). The trial court imposed a sentence of two years in prison. The three fourth degree felonies had sentencing ranges of six to eighteen months in prison. R.C. 2929.14(A)(4). Here, the trial court imposed prison sentences of twelve months, fifteen months, and fifteen months respectively for each of the offenses. For a fifth degree felony, the range of prison terms can be six to twelve months. R.C. 2929.14(A)(5). The trial court imposed a minimum sentence of six months for the fifth degree felony. All of the sentences imposed were within the range permitted by law. None of the sentences imposed were maximum sentences and the sentence for the first degree felony, the third degree felony, and the fifth degree felony, were towards the bottom of the ranges. The sentences imposed were those recommended by the State. Additionally, Ropp admitted to having an ongoing drug problem and has an extensive criminal record. Given all of this information, the record does not indicate that the sentences imposed were excessive or that the trial court was biased by the uncharged offenses when it imposed the sentences. Thus, the first assignment of error is overruled.

{¶8} In the second assignment of error, Ropp claims that the trial court erred by imposing consecutive sentences.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public**

**from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**\* \* \***

**(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(E)(4).  Here, the trial court found as follows.

**The Court has considered the record, oral statements, the need for deterrence, incapacitation, rehabilitation and restitution, the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12**

**The Court finds that the shortest prison term would demean the seriousness of the offense and would not protect the public.**

**The Court further finds that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public.**

**The Court further finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.**

Sentencing Entry, 7-8. The trial court considered all of the factors and made the required findings. These findings are supported by the record. Thus, the trial court did not err in imposing consecutive sentences. The second assignment of error is overruled.

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**