[Cite as *State v. Reinthaler*, 2018-Ohio-2483.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH J. REINTHALER, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 16 MA 0170

---

Motion to Reopen

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed in part. Remanded in part.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and
*Atty. Nicholas A. Brevetta*, Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Joseph J. Reinthaler, Jr., Pro se*, #691-861
Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, Ohio 43950.

Dated: June 21, 2018

**PER CURIAM.**

**{¶1}** Appellant Joseph J. Reinthaler, Jr. has filed an Application for Reopening his appeal pursuant to App.R. 26(B). Appellant pleaded guilty and was convicted of one count of tampering with records in violation of R.C. 2913.42(A)(2), (B)(1)(4), a felony of the third degree, one count of forgery in violation of R.C. 2913.(A)(3)(C), a felony of the fifth degree, one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(3), (B)(1), a felony of the first degree, and sixty-seven counts of tampering with records in violation of R.C. 2913.42(A)(2), (B)(1)(4), felonies of the third degree.

**{¶2}** His guilty plea and conviction were based on a pattern of corrupt activity at his automobile dealership, where he would accept used automobiles in trade, then resell them without discharging the lien of the previous owner. On direct appeal, Appellant challenged the voluntary nature of his plea, as well as propriety of the trial court's imposition of consecutive sentences. We affirmed his convictions and sentence, but remanded the matter for the limited purpose of entering a *nunc pro tunc* entry that memorialized the trial court's findings with respect to consecutive sentences at the sentencing hearing. As of the date of this order, no *nunc pro tunc* order has been filed by the trial court.

**{¶3}** A criminal defendant may apply for reopening of his appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1). The application for reopening cannot merely allege that appellate counsel rendered ineffective assistance for failing to brief certain issues. Rather, the application must demonstrate that there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶4}** The test for ineffective assistance of appellate counsel has two parts: establishing that counsel's performance was deficient, and that this resulted in prejudice. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 5, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); App.R. 26(B)(9). Appellant must show that counsel's performance was so deficient that it fell below an objective standard of reasonableness and, but for this substandard representation, the outcome of the case would have been different. *Strickland* at 687. Establishing ineffective assistance of appellate counsel means that the applicant must prove that counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10-11.

**{¶5}** However, appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *Tenace* at ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Counsel is expected to focus on the stronger arguments and leave out the weaker ones, as this strategy is generally accepted as the most effective means of presenting a case on appeal. *State v. Adams*, 7th Dist. No. 08 MA 246, 2012-Ohio-2719, ¶ 8-12.

**{¶6}** First, it is important to note that Appellant did not fulfill the requirements of App.R. 26(B)(2)(d), insofar as he failed to submit a sworn statement of the basis for his claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c), and the manner in which the deficiency prejudicially affected the outcome of the appeal.

Case No. 16 MA 0170

{¶7}    Appellant advances four assignments of error.  First, he argues that the trial court imposed an aggregate sentence of thirteen years at the sentencing hearing, but an aggregate sentence of fourteen years in the judgment entry of sentencing.

{¶8}    In fact, the trial court imposed twelve-month concurrent sentences for each of the sixty-seven counts of tampering with records.  At the sentencing hearing, the trial court stated that the twelve-month concurrent sentences were to be served concurrently with the twelve-year consecutive sentences imposed for counts one, two, and three.  In the judgment entry, the trial court wrote that the twelve-month concurrent sentences were to be served consecutively to the twelve-year consecutive sentence imposed for counts one, two, and three.

{¶9}    Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence."  Because a defendant is required to be present when sentence is imposed, it constitutes reversible error for the trial court to impose a sentence in its judgment entry different than the sentence announced at the sentencing hearing in defendant's presence.  If there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required.  *State v. Williams*, 6th Dist. No. L-11-1084, 2013-Ohio-726, 987 N.E.2d 322, ¶ 49.  See also *State v. Quinones*, 8th Dist. No. 89221, 2007-Ohio-6077, ¶ 5; *State v. Hess*, 7th Dist. No. 00-JE-40, 2001-Ohio-3463.  Therefore, Appellant's first assignment of error has merit.

{¶10}   Next, Appellant asserts that the summary of his crimes provided at the sentencing hearing by the prosecutor and Amanda Butler, a Bureau of Motor Vehicles

investigator, misstated his criminal conduct. (11/3/16 Sent. Hrg., pp. 4-5.) He specifically denies in his brief that he intentionally failed to discharge pre-existing liens before re-selling the used automobiles but, as previously stated, offered no affidavit containing a sworn statement. More importantly, Appellant was given an opportunity to allocute at the sentencing hearing. In other words, Appellant had the opportunity to correct the alleged misstatements by the prosecutor and Butler, but given this opportunity said nothing on the record.

{¶11} The facts here are clearly distinguishable from *Stewart v. Ervin*, 503 F.3d 488 (6th Cir.2007), which Appellant cites in his brief. In that case, the petitioner was denied access to the presentence report and victim impact statements prior to sentencing. The same is not true here. Appellant was fully aware of the factual basis on which the trial court relied for sentencing prior to his opportunity to allocute. He waived his opportunity to object to the state's recitation of the facts.

{¶12} Third, Appellant contends that statements made on behalf of the state at the sentencing hearing regarding uncharged conduct affected the length of his sentence. Appellant argues that he was convicted of uncharged conduct. In fact, to the extent that the trial court considered information about uncharged conduct, it impacted his sentence, not his conviction.

{¶13} Conduct by a defendant that does not result in a conviction, much less a criminal charge, can be considered by the court during sentencing. *State v. Clayton*, 8th Dist. No. 99700, 2014-Ohio-112, ¶ 16. One caveat is that uncharged conduct cannot form "the sole basis for the sentence." *State v. Gray*, 8th Dist. No. 91806, 2009-Ohio-4200, ¶ 13, citing *State v. Williams*, 8th Dist. No. 79273, 2002-Ohio-503. "Courts

have historically been permitted to consider hearsay evidence, evidence of an offender's criminal history, the facts concerning charges dismissed, and even offenses for which charges were not filed, but were addressed in the presentence investigation." *State v. Ropp*, 3d Dist. No. 14-13-21, 2014-Ohio-2462, ¶ 4. The court can "consider other charges, including charges which were dismissed as part of a plea agreement, during sentencing." *State v. Edwards*, 8th Dist. No. 85908, 2006-Ohio-2315, ¶ 43. And "prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement" are valid sentencing considerations. *State v. Bodkins*, 2d Dist. No. 10-CA-38, 2011-Ohio-1274, ¶ 43. Accordingly, to the extent that the trial court considered information regarding Appellant's unindicted criminal activity, Appellant was not denied effective assistance of counsel when appellate counsel failed to raise this issue on appeal.

{¶14} Finally, Appellant contends that his sentence is inconsistent with similarly situated defendants. Appellant relies on a six-year sentence recently imposed by the trial court in a case involving a fraudulent sports memorabilia ring. On direct appeal, we concluded that the sentence imposed was not contrary to law, and that the record supported the sentence. Appellant's argument is akin to an abuse of discretion challenge. However, Ohio appellate courts no longer review sentences for an abuse of discretion. *State v. Hudson*, 7th Dist. No. 15 MA 0134, 2017-Ohio-645, ¶ 33, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16.

{¶15} In summary, we find that appellate counsel provided ineffective assistance insofar as he failed to raise the variance between the sentence imposed at the

sentencing hearing and the sentence imposed in the sentencing entry on direct appeal. Appellant's remaining assignments of error have no merit.

{¶16} The appropriate remedy is a limited remand for a *nunc pro tunc* order correcting the clerical error that the twelve-month concurrent sentences on each of the sixty-seven counts are to be served concurrently with the twelve-year consecutive sentences imposed for counts one, two, and three. Insofar as the trial court has yet to issue a *nunc pro tunc* order memorializing its findings on the imposition of consecutive sentences, any *nunc pro tunc* order now issued must correct both clerical errors.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATHLEEN BARTLETT**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**