[Cite as *State v. Wilson*, 2024-Ohio-5557.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ZACHARY ALLEN WILSON,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-41

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ZACHARY ALLEN WILSON,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-44

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ZACHARY ALLEN WILSON,

    DEFENDANT-APPELLANT.

CASE NO. 14-24-13

O P I N I O N

**Appeals from Union County Common Pleas Court**
**Trial Court Nos. 22-CR-0224, 23-CR-0139 and 22-CR-0223**

**Judgments Affirmed**

**Date of Decision:  November 25, 2024**

APPEARANCES:

*Alison Boggs* **for Appellant**

*Raymond Kelly Hamilton* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Zachary Allen Wilson ("Wilson") brings this appeal from the judgment of the Court of Common Pleas of Union County.  Wilson claims that the trial court erred by considering facts outside the record when it sentenced Wilson and that he was denied the effective assistance of counsel.  For the reasons set forth below, the judgments are affirmed.

*Background*

{¶2} On October 7, 2022, the Union County Grand Jury indicted Wilson on two counts of vandalism in violation of R.C. 2909.05(A) and (B)(1)(b), felonies of the fifth degree and the fourth degree.  This was assigned the trial court case number 22-CR-0223 ("223").  On October 7, 2022, the Union County Grand Jury further indicted Wilson on one count of sexual battery in violation of R.C. 2907.04(A), a

felony of the fourth degree, one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), (B)(1), a felony of the fourth degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(3), (C)(1), a felony of the fourth degree. This was assigned the trial court case number 22-CR-0224 ("224"). A joint pretrial was held on November 16, 2022. At that time, the trial court ordered that Wilson, having previously been found to be incompetent to stand trial, be evaluated to determine his competency to stand trial. On March 29, 2023, counsel for Wilson filed a motion for another competency evaluation as well a written plea of not guilty by reason of insanity. The trial court granted the motion. A competency hearing was held on May 23, 2023, and the trial court found him competent.

{¶3} On June 2, 2023, the Union County Grand Jury indicted Wilson on 1) tampering with evidence in violation of R.C. 2921.12(A), a felony of the third degree, 2) vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree, 3) breaking and entering in violation of R.C. 2911.13(B), a felony of the fifth degree, and 4) resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. This case was assigned the trial court number of 23-CR-0139 ("139"). No motions regarding competency were filed in this case.

{¶4} On September 20, 2023, Wilson entered into a plea agreement in which he would enter pleas of guilty in all three cases. In exchange, the State agreed to dismiss the fifth degree count in case number 223. In case number 224 the State

-3-

agreed to dismiss all counts except the sexual battery charge. In case number 139, the State agreed to dismiss the vandalism charge. The trial court held a change of plea hearing on September 22, 2023, and accepted the guilty pleas to the remaining charges. As to case number 223, Wilson entered a guilty plea to vandalism for tearing off strips from his inmate attire and flushing it down the toilet. Wilson also entered a guilty plea to sexual battery in case number 224 for engaging in sexual conduct with a minor while the minor was substantially impaired. In case number 139 Wilson entered a guilty plea to tampering with evidence for removing his ankle monitor, to breaking and entering for breaking into a garage, and to resisting arrest for running away from the police resulting in a pursuit which lasted approximately 20 minutes. After the trial court accepted the guilty pleas, it ordered a presentence investigation report ("PSI") and set the matter for sentencing.

{¶5} The trial court conducted the sentencing hearing on November 2, 2023. At the hearing, the State presented evidence to show that Wilson knew what he was doing was criminal and that he had no remorse in the forms of two different TikTok videos made by Wilson. The first video was Wilson repeatedly saying "F*&k the police". The second video involved Wilson "rapping" about how he wanted to engage in sexual conduct with his probation officer. The trial court then started talking about the victim in this case and raised the issue of a second victim. The trial court imposed the following sentences. In case number 223, the trial court found that Wilson had been convicted of one count of vandalism, a felony of the

fifth degree, and sentenced Wilson to a prison term of 12 months. In case number 224, the trial court found that Wilson had been convicted of one count of sexual battery, a felony of the third degree. The trial court sentenced Wilson to a prison term of 60 months and ordered that it be served consecutive to the sentence in case number 223. In case number 139, the trial court found that Wilson had been convicted of one count of tampering with evidence, a felony of the third degree, one count of breaking and entering, a felony of the fifth degree, and one count of resisting arrest, a misdemeanor of the second degree. The trial court sentenced Wilson to an aggregate prison term of 30 months for these three offenses and ordered that it be served consecutive to the sentences in cases numbered 223 and 224.[1]

{¶6} On December 22, 2023, Wilson filed a motion for leave to file delayed appeals in cases number 224 and 139. This Court granted the motion for delayed appeals on January 24, 2024. Case number 224 was assigned appellate number 14-23-41 and case number 139 was assigned appellate number 14-23-44, with the cases consolidated. On February 2, 2024, Wilson filed a motion for leave to file a delayed appeal in case number 223. This Court granted that motion and assigned it case

---

[1] The trial court ordered a sentence of 30 months in prison for tampering with evidence to be consecutive to the other cases. The trial court then ordered a sentence of 12 months in prison for breaking and entering and 60 days in jail for resisting arrest with these sentences to be served concurrent to the tampering with evidence conviction as well as the other cases.

number 14-24-13. This case was consolidated with the two prior appeals. On appeal Wilson raises the following assignments of error

**First Assignment of Error**

**The trial court erred when it considered facts outside the record and incorrectly made findings in all the cases that did not pertain to all the cases.**

**Second Assignment of Error**

**[Wilson] received ineffective assistance of counsel when he pled guilty in each case instead of pleading no contest so that he could properly raise the competency finding on appeal.**

*Sentencing Considerations*

{¶7} In the first assignment of error, Wilson claims that the trial court erred by considering facts outside the record to impose the sentence. Under R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002. "[A]n appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 38. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Paxson*,

2024-Ohio-2680, ¶ 7 (3d Dist.) quoting *State v. Lane,* 2022-Ohio-3775, ¶ 85 (3d Dist.).

**{¶8}** Wilson argues that the trial court erred by considering an allegation that he had previously engaged in sexual conduct with another minor victim. According to Wilson, the trial court should not have considered this information as it was not in the record or in the PSI. Additionally, Wilson claims that since the allegation had never been tried before a court, consideration of it denies Wilson his standing of being presumed innocent. This Court has previously considered the issue of whether a trial court may consider allegations of other offenses which have not resulted in a conviction during the sentencing phase of a case. In *State v. Ropp* (2014-Ohio-2462 (3d Dist.)), Ropp entered a guilty plea to multiple felonies. *Id.* at ¶ 2. The trial court sentenced Ropp to an aggregate prison term of 11 years. *Id.* at ¶ 3. On appeal, Ropp claimed that the trial court erred when it allowed the State to present evidence outside the record. *Id.* This Court held that the sentence imposed by the trial court was not excessive and did not indicate a bias resulting from consideration of the uncharged offenses. *Id.* at ¶ 7. The basis for the judgment was based upon the following reasons.

**{¶9}** Historically, trial courts were permitted to consider hearsay evidence, evidence of an offender's criminal history, facts concerning dismissed charges and offenses for which charges were not filed, but were discussed in the PSI. *Id.* at ¶ 4. When the PSI contains information regarding offenses for which charges had not

been filed, the Ohio Supreme Court has held that a trial court may consider the alleged offenses at sentencing as part of the social history of the defendant. *State v. Cooey*, 46 Ohio St.3d 20 (1989) superseded by constitutional amendment on other grounds. The Supreme Court of the United States has also indicated that a sentencing court may consider information outside the offense charged and those facts as it is necessary to "determine the type and extent of punishment after the issue of guilt has been determined." *Williams v. New York*, 337 U.S. 241 at 247 (1949).

> Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.

*Id*. "[T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it." *State v. Burton,* 52 Ohio St.2d 21, 23 (1977).

{¶10} Although the trial court may consider evidence of other offenses for which no conviction occurred, the ability to do so is not unlimited. *Ropp* at ¶ 5. "[W]e have recognized that a trial court is not vested with authority to consider allegations of conduct that have not been adjudicated in a court of law." *State v. Hartley*, 2012-Ohio-4108, ¶ 33 (3d Dist.). "The trial court's consideration cannot indicate a bias toward the defendant indicating that the trial court believes that the

defendant is guilty of the charges which were dismissed." *State v. Blake* 2004-Ohio-1952, ¶ 5 (3d Dist.).

{¶11} Similar to *Ropp*, the PSI in this case mentioned that another girl was sexually assaulted at the same address as the victim in this case, but did not directly mention who the assailant was. Additionally, the PSI discussed in detail a prior charge against Wilson out of Logan County. In that case, Wilson was indicted on two counts of unlawful sexual conduct with a minor. Wilson was 19 years of age at the time and victim was a 13 year old girl. The PSI contained an extensive discussion as to the allegations including that Wilson and the victim had engaged in sexual intercourse and that they were communicating via text message. The PSI indicates that Wilson admitted in the messages that he had engaged in sexual conduct with the 13 year old victim. The charges stemming from these facts were later dismissed due to a finding that Wilson lacked competency to stand trial.

{¶12} At the sentencing hearing, the trial court appears to have confused the name of the victim for whom no charges were filed with the facts of the indicted charges out of Logan County. The facts set forth by the trial court were those provided in the PSI regarding the Logan County case. This confusion was exasperated by the State misunderstanding which case the trial court was discussing and having the detective state the basic facts surrounding the uncharged case. However, the facts being considered by the trial court were regarding a case for which Wilson had previously been indicted and the details of which were

thoroughly addressed in the PSI. The trial court was permitted to consider this prior case, even though it had been dismissed for a lack of competency. A review of the record does not indicate that the trial court was acting in a biased manner as a result of that consideration. On the contrary, the trial court individually addressed the sentencing factors set forth in R.C. 2929.12 as to each of the cases without reference to the dismissed charges. Thus, the trial court did not err in considering the facts of a prior charge that was dismissed when fashioning the sentence.

{¶13} Next, Wilson claims that the trial court considered facts that were inapplicable to each charge. A review of the record does not indicate this. In case number 223 (the vandalism conviction) and case number 139 (the convictions for tampering with evidence, breaking and entering, and resisting arrest), the trial court found that none of the more or less serious factors and none of the less likely to commit future crimes factors set forth in R.C. 2929.12(B), (C), and (E) applied. 223Doc. The trial court did find that multiple factors under the likely to commit future crimes as set forth in R.C. 2929.12(D) applied. In case number 224 (the sexual battery conviction), the trial court found that factors set forth in 2929.12(B) did apply due to the age of the victim and psychological harm that resulted. These factors were not found to apply to the other two cases. Thus, the trial court did not just consider all of the cases as one, but instead considered the cases individually when viewing the statutory factors. Since the trial court did not err in considering

facts outside the records and did make findings pertaining to each specific case, the first assignment of error is overruled.

*Ineffective Assistance of Counsel*

**{¶14}** In the second assignment of error, Wilson claims that he was denied the effective assistance of counsel. Wilson claims trial counsel was ineffective by advising him to plead guilty rather than no contest so that he could properly raise the competency finding on appeal.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, . . . had a fair trial and substantial justice was done." . . .
>
> When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." . . .
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.

*State v. Calhoun*, 1999-Ohio-102 (internal citations omitted). "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, ¶ 20 (3d Dist.). "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding

would have been different." *State v. Conway*, 2006-Ohio-2815, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 2016-Ohio-5487, quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

**{¶15}** Here, Wilson claims that counsel erred by having him plead guilty rather than no contest, thus preventing him from appealing the trial court's decision finding him competent to stand trial. This Court has previously addressed this issue in *State v. Conley.* 2016-Ohio-8408 (3d Dist.). In *Conley*, the appellant claimed that his counsel was ineffective for failing to advise him to enter a no contest plea rather than a guilty plea. The appellant claimed he was prejudiced by counsel's error because he could not raise the denial of his motion to suppress on appeal. This Court held that for appellant to prevail, he was required to show that 1) the state would have agreed to a no-contest plea on the same terms; 2) counsel failed to advise that the no-contest plea would preserve the right to appeal while the guilty plea would not; and 3) if the appellant had been so advised, appellant would have rejected the plea offer. *Id*. at ¶ 12. Having found that the appellant in *Conley* did not establish these facts, this Court overruled the claim. *Id*.

**{¶16}** Similarly to the case in *Conley*, the record in this case does not establish any of the required facts. There is no evidence in the record that the State would have agreed to a no-contest plea on the same terms. A review of the change

of plea hearing indicates that Wilson was agreeing to enter pleas of guilty and the State was agreeing to dismiss multiple charges in return for the guilty plea. At another point, the trial court even indicated that the guilty plea was being entered "in exchange" for a dismissal of a charge. Tr. 4. The plea agreements signed by Wilson all contain statements that the dismissal of charges is based upon Wilson entering a plea of guilty. The plea agreement also stated that Wilson understood he was waiving the right to appeal the judgments of the trial court, except for the right to appeal the sentence. The plea agreements show that Wilson received substantial consideration for the plea as multiple charges were dismissed, thus reducing the potential maximum sentences.

{¶17} Additionally, the record does not contain any evidence that Wilson was not advised that he would be losing his right to appeal the competency ruling by entering a guilty plea in contradistinction to a no-contest plea. The Supreme Court of Ohio has held that "it is impossible to determine whether [an] attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). If a record is silent as to the advice provided by counsel when discussing entering a plea agreement, an appellate court would be required to examine facts outside the record to determine the competency of counsel's advice. *State v. Jacobson*, 2003-Ohio-1201 (4th Dist.). In a direct appeal, this court may not consider matters outside the record. *State v. Jones*, 2007-Ohio-5624 (3d Dist.).

Without more than a conclusory assertion on appeal, Wilson does not overcome the presumption that counsel acted reasonably. *Conley* at ¶ 14. Thus, the record does not support the contention that counsel was ineffective and the second assignment of error is overruled.

{¶18} Having found no prejudicial error in the particulars assigned and argued, the judgments of the Court of Common Pleas of Union County is affirmed.

***Judgments Affirmed***

**WALDICK and MILLER, J.J., concur.**

**/hls**