[Cite as *State v. Giles*, 2025-Ohio-5465.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 14-25-16

v.

GARRY LEE GILES,

    **OPINION AND**

    DEFENDANT-APPELLANT.

    **JUDGMENT ENTRY**

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2024-CR-0012**

**Judgment Affirmed**

**Date of Decision:  December 8, 2025**

---

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Samantha Hobbs* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Garry Lee Giles ("Giles"), appeals the March 14, 2025 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm

{¶2} On January 19, 2024, the Union Count Grand Jury indicted Giles on eleven counts: Counts One, Seven, and Nine of rape in violation of R.C. 2907.02(A)(1)(b), (B), first-degree felonies; Counts Two, Three, Six, Eight, and Ten of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), third-degree felonies; Counts Four and Eleven of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), (F), fourth-degree felonies; and Count Five of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(A), (D), a first-degree misdemeanor. The indictment also included a sexually violent predator specification under R.C. 2941.148(A) as to Counts One and Seven. On January 23, 2024, Giles appeared for arraignment and pleaded not guilty to the indictment.

{¶3} On July 12, 2024, under a superseding indictment, the Union County Grand Jury indicted Giles on five additional counts: Counts Twelve and Thirteen of the illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), (B), fifth-degree felonies, and Counts Fourteen, Fifteen, and Sixteen of pandering sexually oriented matter involving a minor in violation of

R.C. 2907.322(A)(5), (C), fourth-degree felonies. Giles appeared for arraignment on July 18, 2024 and pleaded not guilty to the superseding indictment.

{¶4} On January 21, 2025, Giles withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to Counts Two, Three, Six, Eight, and Ten. In exchange for his change of pleas, the State agreed to dismiss the remaining counts and specifications. The trial court accepted Giles's guilty pleas, found him guilty, dismissed the remaining counts and specifications, and ordered a pre-sentence investigation ("PSI").

{¶5} On March 14, 2025, the trial court sentenced Giles to 60 months in prison as to Counts Two, Three, Six, Eight, and Ten, respectively, and ordered Giles to serve these terms consecutively for an aggregate sentence of 300 months in prison. The trial court also classified Giles as a Tier II sex offender.

{¶6} On April 11, 2025, Giles filed his notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred When It Allowed The Introduction Of Acts Evidence As Part of Appellant's Sentencing Hearing, Violating His Right To Due Process.**

{¶7} In his sole assignment of error, Giles challenges the sentence imposed by the trial court. In particular, he argues that the trial court was biased when it imposed maximum, consecutive sentences because it improperly considered "other

acts" evidence—specifically, letters from alleged former victims about uncharged conduct and the facts of the dismissed rape charges.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} We will begin by addressing Giles's argument the trial court erred by imposing maximum sentences. "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 2016-Ohio-5554, ¶ 29 (3d Dist.), citing *State v. Dixon*, 2016-Ohio-2882, ¶ 14 (2d Dist.) ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 2015-Ohio-4907, ¶ 9 (8th Dist.) ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any

sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 10 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.).

{¶10} Here, as a third-degree felony, gross sexual imposition carries a non-mandatory, definite sanction of 12 to 60 months in prison. R.C. 2907.05(A)(4), (C)(2), 2929.14(A)(3)(a). The 60-month sentence imposed on each count is, therefore, within the permissible statutory range, a point which Giles concedes. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.).

{¶11} When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate

with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

**{¶12}** "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

**{¶13}** "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

**{¶14}** Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶15} While the trial court stated in its entry that it considered the sentencing purposes under R.C. 2929.11 and the factors in R.C. 2929.12, Giles contends his sentence is contrary to law because the trial court was biased and improperly relied on uncharged conduct and facts from the dismissed rape counts. Specifically, Giles challenges the trial court's consideration of letters from alleged prior victims and its explicit finding that he had already received "leniency" for the dismissed rape charges, effectively punishing him for offenses to which he did not plead guilty. Giles's argument is without merit.

{¶16} Importantly, a sentencing court possesses wide discretion in the sources and types of evidence it may consider. *State v. Bowser*, 2010-Ohio-951, ¶ 14 (2d Dist.). Under Ohio law, a trial court may consider unindicted acts, charges dismissed as part of a plea agreement, and even offenses for which a defendant was acquitted, provided they are not the "sole basis for the sentence." *State v. Clemons*, 2014-Ohio-4248, ¶ 7 (2d Dist.). Indeed, the trial court's inquiry is not "confined to the evidence that strictly relates to the conviction offense" because its focus has shifted from "the narrow issue of guilt" to the appropriate punishment. *Bowser* at ¶ 14.

{¶17} This broad discretion is codified in R.C. 2929.19, which allows the parties to present any relevant information and requires the court to consider it. *State v. D'Amico*, 2015-Ohio-278, ¶ 7 (9th Dist.). Specifically, R.C. 2929.19(A) permits the parties to "present information relevant to the imposition of sentence,"

and R.C. 2929.19(B) requires the court to "consider . . . *any* information presented" at the hearing, in addition to the record, PSI, and victim impact statements. (Emphasis added). R.C. 2929.19(A), (B).

{¶18} "Moreover, the rules of evidence do not apply in sentencing hearings." *State v. Bittner*, 2019-Ohio-3834, ¶ 23 (12th Dist.). *See also State v. Asefi*, 2014-Ohio-2510, ¶ 8 (9th Dist.) ("In other words, R.C. 2929.19 sets out a procedure less formal than an evidentiary hearing for interested parties to submit arguments and information to the trial court."). Consequently, a trial court may properly consider hearsay, a defendant's criminal history, and the facts underlying dismissed charges. *State v. Ropp*, 2014-Ohio-2462, ¶ 4 (3d Dist.). Thus, "[w]hen a defendant's convictions result from a plea bargain, the plea bargain 'does not preclude the trial court's consideration of the underlying facts' in determining the appropriate sentence to impose." *Bittner* at ¶ 23, quoting *State v. Clayton*, 2014-Ohio-112, ¶ 18 (8th Dist.). In other words, the "charges that were dismissed as part of a plea agreement and the facts related to those charges are valid sentencing considerations." *Id.*

{¶19} However, this court has also held that a trial court's discretion to consider unconvicted offenses is "not completely unfettered." *Ropp* at ¶ 5. This court has "recognized that a trial court is not vested with authority to consider allegations of conduct that have not been adjudicated in a court of law." *State v. Hartley*, 2012-Ohio-4108, ¶ 33 (3d Dist.). Specifically, the trial court's

"consideration cannot indicate a bias toward the defendant indicating that the trial court believes that the defendant is guilty of the charges which were dismissed." *State v. Blake*, 2004-Ohio-1952, ¶ 5 (3d Dist.). Allowing a sentence to be based on such conduct "'would permit a defendant to be punished for offenses without a trial or an opportunity to defend oneself by cross-examining the witnesses.'" *State v. Montgomery*, 2008-Ohio-6182, ¶ 13 (3d Dist.), quoting *State v. Park*, 2007-Ohio-1084, ¶ 7 (3d Dist.).

{¶20} Based on our review of the record before us, we conclude that the trial court acted squarely within its discretion when imposing Giles's sentence in this case. In other words, the trial court did not demonstrate prohibited bias. *See Ropp* at ¶ 7. Critically, the record reveals that the trial court did not rely on the "other acts" information—the letters from alleged prior victims relating to uncharged conduct—to punish Giles for those separate acts. Instead, it is apparent that the trial court relied on that information when considering the R.C. 2929.12 factors, such as the generational nature of the abuse and the seriousness of Giles's conduct. *See Park* at ¶ 7. Critically, our review of the record confirms that this information was not the "sole basis" for Giles's sentence. Rather, the record reveals that the trial court relied on the facts of the convicted offenses, the PSI, the statements from the victims in this case, and Giles's lack of remorse when imposing Giles's sentence.

{¶21} Moreover, the trial court's finding that Giles had "already been shown leniency" was not an improper sentence for the dismissed rape counts. Rather, the

-9-

trial court's statement was a permissible consideration of the facts underlying those dismissed charges, which is a valid sentencing consideration. Relevantly, the trial court's consideration of this evidence was not based on mere speculation, but was based on Giles's "admissions to the detective and the statements by the victims," which "clearly document[ed]" that his actions constituted rape. (Mar. 14, 2025 Tr. at 41). Simply put, the trial court relied on this evidence to assess the seriousness of the offences for which Giles was being sentenced. *See D'Amico*, 2015-Ohio-278, at ¶ 9 (9th Dist.). Therefore, we conclude that this portion of Giles's argument is without merit.

{¶22} Giles further argues that the trial court erred by ordering his sentences to be served consecutively. However, Giles failed to present any argument in support of this claim. "App.R. 16(A)(7) requires that an appellant's brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *State v. Jackson*, 2015-Ohio-3322, ¶ 11 (10th Dist.), quoting App.R. 16(A)(7). If a party fails to comply, App.R. 12(A)(2) permits an appellate court to "'disregard an assignment of error.'" *Id.*, quoting App.R. 12(A)(2).

{¶23} It is well-settled that "defendant has the burden of affirmatively demonstrating the error of the trial court on appeal." *State v. Stelzer*,

2006-Ohio-6912, ¶ 7 (9th Dist.). "If an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Id.*, quoting *State v. Cook*, 2002-Ohio-2646, ¶ 27 (9th Dist.).

{¶24} Here, Giles failed to provide any argument, citations, or parts of the record to demonstrate how the trial court erred by imposing consecutive sentences. Thus, because Giles makes no argument in relation to the trial court's imposition of consecutive sentences, we will not supply one for him. *See State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.) ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him.").

{¶25} For these reasons, Giles's sentence is not contrary to law.

{¶26} Giles's assignment of error is overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.

_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge

DATED:
/hls